United States Court of Appeals
Fifth Circuit

**F I L E D**

May 29, 2003

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

**No. 02-20882**

**GRAYBAR ELECTRIC COMPANY, INC.,**

**Plaintiff-Appellant,**

**versus**

**CHINA NATIONAL OFFSHORE OIL CORPORATION,**

**Defendant-Appellee.**

**Appeal from the United States District Court
for the Southern District of Texas
(H-02-CV-100)**

Before WIENER and BARKSDALE, Circuit Judges, and FERGUSON, District Judge[*].

PER CURIAM:[**]

The district court held China National Offshore Oil Corporation (CNOOC) entitled to immunity under the Foreign Sovereign Immunity Act (FSIA), 28 U.S.C. § 1602, *et seq*. Graybar claims: CNOOC waived its right to claim immunity; alternatively, under 28 U.S.C. § 1605(a)(2), this action falls within an exception to immunity.

---

[*] District Judge of the Western District of Texas, sitting by designation.

[**] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Having heard oral argument, and based upon our review of the briefs and pertinent parts of the record, we hold:  CNOOC did not waive its right to assert immunity, because, *inter alia*, in its answer it claimed lack of subject matter jurisdiction; and this action does not fall within § 1605(a)(2).

In holding CNOOC entitled to immunity, the district court reasoned that the third clause of § 1605(a)(2) (immunity exception "in which the action is based upon ... an act outside the territory of the United States in connection with a commercial activity of the foreign state elsewhere and that act causes a direct effect in the United States") required the requisite act be *non-commercial*. It is not necessary to decide this issue because, for this action, the exception does not apply whether the requisite act is commercial or non-commercial.  On the other hand, the § 1605(a)(2) third clause exception has apparently been applied to commercial acts.  *See, e.g., **Republic of Arentina v. Weltover***, 504 U.S. 607 (1992) (third clause applied to extension of payment schedules for bonds);  ***Byrd v. Corporacion Forestal y Industrial de Olancho S.A.***, 182 F.3d 380, 389 (5th Cir. 1999) (paraphrasing third clause as "a commercial activity carried on outside the United States that has a direct effect in the United States");  ***Voest-Alpine Trading USA Corp. v. Bank of China***, 142 F.3d 887 (5th Cir. 1998) (third clause

2

applied to failure of foreign bank to remit funds to designated American corporation).

***AFFIRMED***